# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DENEILO BRADSHAW,

    Petitioner,

v.                                    CASE NO. 4:12cv394-RH/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Deneilo Bradshaw challenges his Florida state-court convictions. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 17 and the objections. ECF No. 18. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

Mr. Bradshaw was charged with three offenses: murder, armed robbery with a firearm, and possessing the same firearm as a convicted felon. The first two

charges were tried to a jury. The third charge was severed and resulted in a guilty plea after the jury trial.

The jury convicted Mr. Bradshaw of murder but acquitted him of robbery with a firearm, convicting him instead of the lesser-included charge of robbery. Mr. Bradshaw now claims that his later felon-in-possession conviction subjected him to unconstitutional double jeopardy. Had the jury's verdict necessarily determined that Mr. Bradshaw did not possess the firearm at all, that would be correct. But the jury determined no such thing. That the firearm played no role in the robbery does not mean Mr. Bradshaw did not *possess* the firearm either during the robbery or at other times on the same day.

Mr. Bradshaw also claims that portions of the prosecutor's closing argument quoted in the report and recommendation were improper. They were not. In each instance, the prosecutor's comments were proper standing alone or at least a proper response to the defense argument.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

Mr. Bradshaw has not made the required showing.  This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

    1.  The report and recommendation is ACCEPTED.

    2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

    3.  A certificate of appealability is DENIED.

    4.  The clerk must close the file.

SO ORDERED on March 17, 2015.

                                             <u>s/Robert L. Hinkle              </u>
                                             United States District Judge